IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

AUGUST SESSION, 1997

FILED

November 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9610-CC-00365 |
| | ) | |
| Appellee, | ) | |
| | ) | LAUDERDALE COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. JOSEPH H. WALKER, |
| DAVID SCOTT MOSS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (DUI) |

FOR THE APPELLANT:

**WILLIAM DAN DOUGLAS, JR.**
109 North Main
Ripley, TN 38063

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**ELIZABETH T. RICE**
District Attorney General

**MARK DAVIDSON**
Assistant District Attorney General
302 Market Street
P.O. Box 562
Somerville, TN 38068

OPINION FILED _____

CONVICTION AFFIRMED; SENTENCE MODIFIED

THOMAS T. WOODALL, JUDGE

# <u>OPINION</u>

The Defendant, David Scott Moss, appeals as of right from his conviction of driving under the influence of an intoxicant (DUI) following a non-jury trial in the Circuit Court of Lauderdale County. In his sole issue on appeal, the Defendant argues that the evidence was insufficient to sustain the conviction. We affirm the judgment of the trial court.

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). This standard is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. <u>State v. Matthews</u>, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. <u>State v. Cabbage</u>, 571 S.W.2d 832, 835 (Tenn. 1978). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. <u>State v. Williams</u>, 914 S.W.2d 940, 945 (Tenn. Crim. App. 1995) (citing <u>State v. Tuggle</u>, 639 S.W.2d 913, 914 (Tenn. 1982)).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1987). Nor may this court reweigh or reevaluate the evidence. Cabbage, 571 S.W.2d at 835.

On May 28, 1995, at approximately 1:30 a.m., Mike Kirkpatrick, a deputy-sheriff with the Lauderdale County Sheriff's Department, observed a car weaving back and forth across the center line of Highway 51 at a speed of 60 miles per hour. Kirkpatrick pulled the car over and asked the Defendant to step out. Officer Kirkpatrick testified that at this point he could smell alcohol on the Defendant and that his speech was slurred. He also observed six empty beer bottles in the passenger side floor board with "no alcohol left in any of them, you know, except for the suds in the bottom of them." He then asked the Defendant to perform field sobriety tests.

First, Officer Kirkpatrick asked Defendant to recite the alphabet and Defendant was able to do this. Second, Defendant attempted the one-leg stand test, but was unable to keep his balance. He failed this test twice. Defendant told Officer Kirkpatrick that he did not have any physical injuries to his legs that would prevent him from performing the test. Third, Defendant performed the heel-to-toe test, during which he could not walk heel-to-toe and he lost his balance several times. Finally, Officer Kirkpatrick conducted the horizontal gaze nystagmus test on Defendant. He observed that Defendant's eyes were bloodshot and that "they were jumping" which indicated to the deputy that Defendant had been drinking. The Defendant did not object to the testimony

regarding the results of the horizontal gaze nystagmus test, and we note that even if he had, and the evidence were ruled to be inadmissible, that our conclusion as to the sufficiency of the evidence in this case would not change. See State v. Turner, C.C.A. No. 03C01-9604-CC-00151, slip op. at 7, Cocke County (Tenn. Crim. App., Knoxville, July 9, 1997) (No Rule 11 application filed); State v. Murphy, C.C.A. No. 01C01-9412-CC-00401, Davidson County (Tenn. Crim. App., Nashville, filed Oct. 6, 1995), perm. to appeal granted (Tenn. 1996).

On the basis of Defendant's driving, his slurred speech, the empty beer bottles, and his performance on the field sobriety tests, Deputy Kirkpatrick concluded that Defendant was under the influence of alcohol and arrested him. Defendant refused to take an intoximeter test.

For the defense, Stephanie Spain testified that on May 28, 1995, she met the Defendant in Dyersburg, Tennessee so they could ride together to Union City, Tennessee for a political fund raising dinner. She met Defendant about 6:00 p.m. at the Holiday Inn in Dyersburg. The dinner started at 7:00 p.m. and she said that no alcoholic beverages were served at the function. After dinner, she and Defendant drove back to Dyersburg and went to a bar called Checkers at approximately 10:30 p.m. She testified that the Defendant drank one beer and possibly started a second one while at the bar. They then left and went to the Holiday Inn where Defendant had left his car earlier that evening. A few minutes later they decided to go for a drive towards the river, and she testified that neither of them were drinking. They then went back to the Holiday Inn about 1:00 a.m. where Defendant got into his car to drive to Memphis, and she drove home to

Jackson.  Ms. Spain testified that in her opinion, Defendant did not appear to be intoxicated.

The Defendant testified at trial to the same events as Ms. Spain. Furthermore, he explained that the reason his car was weaving when the officer stopped him was because his steering was out of line.  He admitted to the officer that he had drank one or two beers earlier that evening.  The Defendant testified that he passed the field sobriety tests, and that the reason he was a little shaky was because he was nervous and it was late at night.  Defendant also testified that the reason he refused the intoximeter test was because he was taking allergy medicine and he was concerned that it would affect the results of the test.

Driving under the influence is defined in part as driving or being in physical control of an automobile on any of the public roads and highways of the State of Tennessee, or on any streets or alleys while under the influence of any intoxicant. Tenn. Code Ann. § 55-10-401(a)(1) (Supp. 1996).  Therefore, the evidence must show that the offender: "(1) was in physical control of an automobile, (2) on a public road within the State of Tennessee, and (3) was under the influence of an intoxicant."  State v. Waddey, C.C.A. No. 01C01-9508-CC-00245, slip op. at 3, Williamson County,  (Tenn. Crim. App., Nashville, July 5, 1996) (Rule 11 application not filed).

First, from the testimony at trial, Defendant was clearly in physical control of his car. Officer Kirkpatrick observed the car weaving back and forth, pulled the car over, and Defendant stepped out of the driver's side. Second, Defendant drove his car on Highway 51, a public road within the State of Tennessee. Third, based on Officer Kirkpatrick's observations of Defendant and his experience, he determined Defendant to be clearly under the influence of alcohol. The trial court could have concluded from Defendant's erratic driving, his slurred speech, the empty beer bottles in his car, and his failure to adequately perform two of the field sobriety tests, that the Defendant was under the influence of alcohol.

In viewing the evidence in the light most favorable to the State, the evidence was sufficient to support a conviction for DUI. This issue is without merit.

Neither party raised the length of sentence for Defendant's conviction of DUI first offense as an issue in this appeal. The trial court sentenced Defendant to serve six (6) months in the county jail with all but forty-eight (48) hours suspended, and assessed a $350.00 fine. The DUI statutes mandate that the maximum sentence for a DUI conviction is eleven (11) months and twenty-nine (29) days, with the trial court to determine what portion of the sentence above the mandatory minimum punishment must be served prior to a defendant being placed on probation. State v. Combs, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996); Tenn. Code Ann. § 55-10-403(c). Furthermore, Section 55-10-403(c) requires that D.U.I. offenders be placed on probation for the difference between the time actually served and the maximum possible sentence. Accordingly, we affirm the Defendant's conviction for DUI first offense, but modify the Defendant's

sentence by increasing it to eleven (11) months and twenty-nine (29) days, with all but forty-eight (48) hours suspended. All other portions of the sentence imposed by the trial court shall remain the same. The judgment of the trial court, as modified, is accordingly affirmed.

                                 _____
                                 THOMAS T. WOODALL, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JERRY L. SMITH, Judge